IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

V.                                                                                          NO. 3:22-CV-115-DMB-JMV

JARYN GOOCH                                                                                                DEFENDANT

## ORDER

On June 17, 2022, the United States of America filed a complaint against Jaryn Gooch in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … civil penalties under the Financial Institutions Reform, Recovery and Enforcement Act ('FIRREA'),'' and "money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Gooch's receipt of Paycheck Protection Program ('PPP') funds to which he was not entitled." Doc. #1 at PageID 1. The complaint alleges that Gooch, through false representations, received PPP loan proceeds totaling $40,684.00 (for which the Small Business Administration paid a total of $5,000 in processing fees to the bank involved), and that Gooch, also through false representations, obtained forgiveness of one loan by the SBA. *Id.* at PageID 7–8.

On July 15, 2022, the parties filed a "Joint Motion for Entry of Consent Judgment" representing that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the attached [proposed consent judgment]." Doc. #4; *see* Doc. #4-1. The joint motion and the proposed consent judgment are both signed by an Assistant United States Attorney and by Gooch who appears pro se. Doc. #4; Doc. #4-1 at PageID 19.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or

> stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Gooch to pay $45,810.57 plus interest and a $400.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 18th day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**